IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH MERRIEX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:12cv70-WC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

## I.  INTRODUCTION

Plaintiff, Elizabeth Merriex, applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to 42 U.S.C. §§ 405(g) & 1383(c)(3). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which Plaintiff was found not disabled at any time through the date of the decision.  The Appeals Council rejected Plaintiff's request for review of the ALJ's decision.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 15); Def.'s Consent to Jurisdiction (Doc. 14).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004).  A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4.  At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC).  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence.  *Id*.  It also can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.    ADMINISTRATIVE PROCEEDINGS

Plaintiff was 35 years old at the time of the hearing before the ALJ and had a 12th grade education.  Tr. 18.  Plaintiff had past relevant experience as a poultry eviscerator and as a cleaner.  Tr. 21.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since her alleged onset date[]."[5]  (Step 1)  Tr. 15.  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments:  "Depression, mild, Adjustment Disorder with Anxiety, and Posttraumatic Stress Disorder."  Tr. 16.  The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)."  *Id.*  Next, the ALJ found that Plaintiff has the RFC "to perform a full range of unskilled work at all exertional levels but with the following nonexertional limitations:  She is limited to occasional contact with the general public and coworkers."  Tr. 17.  At Step 4, and after consulting a VE, the ALJ found that Plaintiff was capable of performing past relevant work.  Tr. 21.  Accordingly, the ALJ determined that Plaintiff had not been under a disability from the alleged onset date, through the date of the decision.  *Id.*

---

[5]   The ALJ noted that Plaintiff did engage in work activities, but that determining whether she had

5

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision:  1) whether "the ALJ erred as a matter of law in her treatment of the opinion evidence"; and 2) whether "the ALJ erred as a matter of law in denying Ms. Merriex's claim for benefits on the basis of non-compliance without resolving key issues . . ."  Pl.'s Br. (Doc. 11) at 8.   The first issue concerns the ALJ's rejection of the consulting psychologist's opinion and because that rejection was based on a finding of noncompliance, the issues are intertwined and the court will address them as one.

## V.   DISCUSSION

Plaintiff's first claim is that the ALJ failed to "accord proper weight to the consulting psychologist, Fred George, Ph.D.," by failing to properly consider the opinions of all experts contained within the record.  Pl.'s Br. (Doc. 11) at 8.  Specifically, Plaintiff asserts that the ALJ's decision to accord Dr. George's opinion "no weight" was in error.  *Id*. at 10.  Furthermore, Plaintiff asserts that the ALJ erred by "choosing to create her own assessment of [Plaintiff's RFC] without referring to any opinion, medical or otherwise, in support thereof."  *Id*. at 11.

With regard to Dr. George, the ALJ did not state she was giving the opinion "no weight."   Instead, the ALJ stated that the opinion was "not given significant weight because the claimant has been noncompliant with treatment."  Tr. 20.  Indeed, Plaintiff

---

engaged in substantial gainful activity would require obtaining further evidence.  Tr. 15.

was not complaint with treatment, her medical records from South Central Alabama Mental Health in 2008 and 2009 show several instances of noncompliance. *See* (Tr. 247-57, 275, 277, 312, 314). In discounting Dr. George's opinion, the ALJ pointed to the noncompliance, the fact that no "credible treating or consultative physician has opined that the claimant was disabled because of any mental condition or from any resulting symptoms," and Plaintiff's work activities since the alleged onset disability date. Tr. 20.

The issue of noncompliance is important because of the ALJ's determination that there is nothing in the record to suggest that Plaintiff's "mental impairments are incapable of being alleviated or controlled with the proper and regular use of prescription medications if taken as prescribed." Tr. 21. In other words, it is the noncompliance that leads to evidence of disability. Plaintiff argues that her noncompliance should be excused based on her inability to afford treatment and her underlying mental illness. Pl.'s Br. (Doc. 11) at 11. Plaintiff's argument is that while the ALJ stated that she considered Plaintiff's inability to afford treatment, the ALJ failed to "engage in the necessary questioning to determine whether [Plaintiff] should be excused from non[]compliance." *Id*. at 16. At the hearing before the ALJ, Plaintiff testified that she did not have the money to pay the $5 to $10 cost for mental health treatment. Tr. 40. However, the ALJ found that "no evidence has been provided that the claimant ever sought and was denied medical treatment from any treating source." Tr. 21. Further, the ALJ noted that "[m]oreover, no evidence has been provided that the claimant has sought and been denied

7

medical treatment from indigent care facilities run by various government agencies." *Id.* While Plaintiff points to comments in the South Central Alabama Mental Health records to say that she would be unable to meet her financial expectations without assistance, those records do not indicate that Plaintiff sought or was denied assistance. As stated above, Plaintiff bears the burden of proof through the first four steps. *Phillips*, 357 F.3d at 1237. The court cannot find fault with the ALJ's decision here, when Plaintiff fails to set forth evidence the she sought and was denied assistance, or treatment.

Similarly, it is important to note that none of the medical evidence of record that documents Plaintiff's noncompliance indicate that the noncompliance was due to her underlying mental illness. Instead, the records indicate that she had been seeking treatment without the aid of her family. Tr. 253. This is consistent with Plaintiff's reported daily activities. *See, e.g.,* Tr. 20 ("The Claimant testifies that she is able to read and write. She can handle a checking account. She grocer[y] shops," etc . . .). Thus, there is no support in the record for the ALJ to find that Plaintiff's mental limitations excused her noncompliance. Therefore, the court finds no error in the weight given to Dr. George's opinion based on noncompliance.

Moreover, the court finds no merit in Plaintiff's argument that the ALJ erred by "choosing to create her own assessment of [Plaintiff's] mental functioning without referring to any opinion, medical or otherwise, in support thereof." Pl.'s Br. (Doc. 11) at 11. First, the RFC determination is for the ALJ to make. *Phillips,* 357 F.3d at 1238 (the

8

ALJ will "assess and make a finding about the [claimant's] residual functional capacity based on all the relevant medical and other evidence" (quoting 20 C.F.R. § 404.1520(e)). Second, the ALJ referred to the medical evidence of record as well as the noncompliance, the evidence of daily activities, and Plaintiff's work activities since the alleged onset date, and concluded that in light of all of these factors, Plaintiff's "alleged mental symptoms and conditions are not of a disabling degree." Tr. 21. The court reviews that decision to determine if there is substantial evidence in support and finds that there is.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 13th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE